UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HANNAH JOHNSTON, Individually, and as
Representative of the Wrongful Death Beneficiaries of
Malakai Bleu Johnston, Deceased, et al.                         PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:24CV216-GHD-RP

WILDCHILD STOCKHOM, INC. d/b/a Dockatot, et al.           DEFENDANTS

---

## OPINION

---

Presently before the Court is the Defendant Enfant Terrible Design AB's ("Enfant")

motion to dismiss [25] the Plaintiffs' claims pending against it for lack of personal

jurisdiction. The Plaintiffs' claims against the other defendants are not addressed in the

current motion. Upon due consideration and for the reasons set forth below, the Court

finds the Defendant Enfant's motion should be denied without prejudice, with leave to re-

file after limited jurisdictional discovery is completed.

## I.      Background

The Plaintiffs bring this product liability action against Enfant and two other named

defendants [7]. In their Amended Complaint, the Plaintiffs allege an infant sleep positioner

designed and manufactured by the Defendants and into which the Plaintiff placed her infant

son to sleep caused his death on May 16, 2023, due to, *inter alia*, the positioner's defective

design [7].

The Plaintiffs assert claims for product liability, defective design, failure to warn,

negligence, fraudulent misrepresentation and/or concealment, breach of express warranty,

and failure to recall [7]. Enfant has filed the present motion to dismiss [25], seeking to

dismiss the Plaintiffs' complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal

Rules of Civil Procedure, arguing that no personal jurisdiction over Enfant exists in this matter. The Plaintiffs oppose Enfant's motion. In the alternative, the Plaintiffs request leave of court to conduct jurisdictional discovery.

## II.     Legal Standard

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "[a] federal court sitting in diversity may assert personal jurisdiction over a defendant if (1) the state's long-arm statute permits it, and (2) exercising jurisdiction would not violate the Fourteenth Amendment's Due Process Clause." *Savoie v. Pritchard*, 122 F.4th 185, 190 (5th Cir. 2024) (citing *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020)). Unlike other states, "the Mississippi long-arm statute is not coextensive with federal due process, requiring an analysis of the scope of the reach of the statute itself." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997) (citation omitted); *Nicholas Services, LLC v. Advanced AOG, Inc.*, No. , 2025 WL 1297105, at *2 (N.D. Miss. May 5, 2025).

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff must show by a preponderance of the evidence that the district court has jurisdiction over the nonresident defendant. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (citing *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000)). To resolve the jurisdictional issue, the Court "may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). "[O]n

a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994)). However, this does not mean the Court must accept even uncontroverted conclusory allegations made by the plaintiff. *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 868-69 (5th Cir. 2001).

As for the conducting of jurisdictional discovery, the party seeking discovery must establish its necessity, *Freeman v. United States,* 556 F.3d 326, 341 (5th Cir. 2009), and does so by making "clear which specific facts he expects discovery to find," *Johnson v. TheHuffingtonPost.com, Inc.,* 21 F.4th 314, 326 (5th Cir. 2021) (quotation marks omitted). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Pace v. Cirrus Design Corp.,* 93 F.4th 879, 902 (5th Cir. 2024); *Fielding v. Hubert Burda Media, Inc.,* 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003)).

### III.    Analysis

As the Court noted above, the Plaintiffs bear the burden of establishing the Court's personal jurisdiction over the non-resident Defendant Enfant. *Allred,* 117 F.3d at 281. The Plaintiffs do not dispute Enfant is a foreign corporation incorporated in Sweden with its principal place of business in Stockholm, Sweden.

Personal jurisdiction may be specific or general. *Bristol-Myers Squibb Co. v.*

*Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). In the case *sub judice*, the Plaintiffs specify they seek to invoke jurisdiction over Enfant solely through specific personal jurisdiction [34]. To establish specific personal jurisdiction, a plaintiff must make a *prima facie* showing of minimum contacts by making a claim arising from a defendant's contact with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).

For specific jurisdiction, "[a] federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).

As for step one of the Court's analysis, the Mississippi long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code § 13-3-57. As for step two, "[u]nder due-process requirements, the defendant must have requisite minimum contacts with the forum state, and the exercise of jurisdiction in the forum state must not infringe on 'traditional notions of fair play and substantial justice.'" *Trois v. Apple Tree Auction Cntr., Inc.*, 822 F.3d 485, 488-89 (5th Cir. 2018) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

4

Here, the Court finds the Plaintiffs have established the necessity for the subject parties (the Plaintiffs and Enfant) to conduct limited jurisdictional discovery in order to present the Court an adequate record to determine whether the exercise of personal jurisdiction over Enfant is proper. The Court has wide discretion to order jurisdictional discovery. *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008). To be entitled to conduct such discovery, a plaintiff needs a "preliminary showing of jurisdiction" and must allege facts that "suggest with reasonable particularity the possible existence of requisite contacts" to sustain jurisdiction. *Fieldling v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). Further, a plaintiff must assert the requested discovery is "likely to produce the facts needed to withstand" dismissal. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021). General averments are not sufficient. *Id.* In deciding whether to permit limited jurisdictional discovery, the Court may review "pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof." *Command–Aire Corp. v. Ontario Mech. Sales & Servs., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). When there is a factual dispute, courts generally find it appropriate to grant narrow jurisdictional discovery. See, e.g., *Croom v. Bristow Group Inc.*, No. 2:23-cv-5092, at *4 (E.D. La. Oct. 22, 2024); *Whitener v. Pliva, Inc.*, No. CIV.A. 10-1552, 2012 WL 1343964, at *8 (E.D. La. Apr. 18, 2012), aff'd, 606 F. App'x 762 (5th Cir. 2015).

Here, on the present record, the Court finds it is unclear whether Enfant's contacts with the State of Mississippi are sufficient to warrant the Court's exercise of specific federal jurisdiction in this matter. While Enfant's Managing Director states, via declaration

[25-1], that Enfant has not manufactured, sold, or distributed the subject product in Mississippi, the Plaintiffs have alleged in their Amended Complaint - and provided what the Plaintiffs contend is supporting documentary evidence – that Enfant has in fact engaged in conduct subjecting it to the specific personal jurisdiction of this Court [7, 33-8, 33-13, *inter alia*]. Given the present state of the record, the Court finds the Plaintiffs have presented adequate factual allegations that may support the Court's specific personal jurisdiction over Enfant in this matter. Because additional discovery could show Enfant has sufficient minimum contacts in Mississippi, or may show that it does not have the necessary sufficient minimum contacts, the Court shall order these parties to conduct limited jurisdictional discovery. *Megalomedia Inc. v. Philadelphia Indemnity Insurance Co.*, No. 23-20570 at *1, *3 (5th Cir. Sep. 20, 2024) (holding when the record does not "establish the necessary jurisdictional facts," jurisdictional discovery is appropriate).

As for the scope of the discovery, the Plaintiffs have requested to depose Lisa Furuland Kotsianis (Enfant's Managing Director) and to propound a limited number of discovery requests to Enfant. The Magistrate Judge will conduct a status conference with the parties to set appropriate deadlines and parameters associated with this discovery, although the Court does find that the requested deposition of Ms. Kotsianis and some number of written discovery requests will be appropriate. Further, the Court is mindful of the bankruptcy stay that has been entered in this case, along with the Court's extension of the stay to include Enfant and the other non-bankrupt parties, and will lift the stay for this limited purpose. The stay otherwise remains in effect. The Court likewise denies Enfant's present motion to dismiss without prejudice, with leave to re-file after the limited jurisdictional discovery is completed.

6

### IV.    Conclusion

For all of the foregoing reasons, the Court finds the Defendant Enfant's motion to dismiss should be denied without prejudice.  The subject parties shall engage in limited jurisdictional discovery as described herein, with the bankruptcy stay lifted as to these parties for this limited purpose.

An order in accordance with this opinion shall issue this day.

This, the ___6___ day of July, 2026.

_____
SENIOR U.S. DISTRICT JUDGE